IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALIL HAMMOND, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-5526 |
| | : | |
| DR. LAUREL R. HARRY, *et al.*, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 31st day of January, 2025, upon consideration of Plaintiff Khalil Hammond's Motion to Proceed *In Forma Pauperis* (ECF No. 3), Prisoner Trust Fund Account Statement (ECF No. 5), and *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Khalil Hammond, # KC-9993, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Hammond's inmate account; or (b) the average monthly balance in Hammond's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Hammond's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Hammond's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Phoenix.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, the following claims in Hammond's Complaint are **DISMISSED WITH PREJUDICE;**

   a. all official capacity claims for money damages;

   b. all claims for declaratory relief;

   c. all constitutional claims concerning the failure to pay interest on funds held in Hammond's inmate trust account;

   d. the RICO claim concerning the failure to pay interest on funds held in Hammond's inmate trust account;

   e. all Due Process and Equal Protection Clause claims concerning religious meals;

   f. all claims asserted against Defendants Governor Joshua Shapiro and the Pennsylvania General Assembly; and

   g. all individual capacity claims and requests for money damages for violation of RLUIPA.

6. The Clerk of Court is **DIRECTED** to terminate Governor Joshua Shapiro and the Pennsylvania General Assembly as Defendants.

7. For the reasons stated in the Court's Memorandum, the following claims in Hammond's Complaint are **DISMISSED WITHOUT PREJUDICE and with leave to amend**:

   a. all state law claims concerning the failure to pay interest on funds held in Hammond's inmate trust account;

      b.     all First Amendment free exercise claims concerning religious meals governed by the Harry Memo; and

      c.     all First Amendment retaliation claims arising from the implementation of the Harry Memo.

8.     The Clerk of Court is **DIRECTED** to send Hammond a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

9.     Hammond is given thirty (30) days to file an amended complaint in the event he can allege additional facts to cure the defects the Court has identified in the claims dismissed without prejudice listed in Paragraph 7.  **If an amended complaint is filed, Hammond must also reallege the claims that the Court has determined to pass statutory screening or those claims will be deemed waived**. Those claims are:

      a.     the First Amendment free exercise claims concerning religious meals governed by the Little Memo;

      b.     the First Amendment retaliation claims arising from the implementation of the Little Memo; and

      c.     all official capacity non-monetary RLUIPA claims.

Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Hammond's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 24-5526.  If Hammond files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Hammond's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  **Claims that**

**are not included in the amended complaint will not be considered part of this case**. When drafting his amended complaint, Hammond should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10. If Hammond does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Harry, Little, and Klem only. Hammond may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Hammond is reminded to include the case number for this case, 24-5526.

11. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**